BRELAS ASSOCIATES et al., Respondents, v ALLAN J. RILEY, Appellant.—

Resettled order, same court and Judge, entered June 1, 1988, granting defendant's motion to vacate and set aside the March 1, 1988 judgment solely to the extent of modifying said

judgment by reducing the amount awarded to plaintiffs, unanimously affirmed, with costs.

Order, same court and Judge, entered on or about September 28, 1988, denying a hearing to ascertain damages by reason of entry of said judgment assertedly procured by fraud, misrepresentation or other misconduct, unanimously affirmed, with costs.

Order, same court and Judge, entered August 16, 1989, further denying a motion to vacate and set aside the judgment as modified on the ground of fraud, misrepresentation or other misconduct, unanimously affirmed, with costs.

Plaintiffs are the net lease tenant, under a long-term lease, of commercial property in midtown Manhattan. Defendant purchased the property in December 1980 and sold it five years later at a substantial profit. The day after he purchased the property, defendant defaulted on the mortgage. Plaintiffs' lease gave them an option, in this situation, of paying the mortgage obligation and charging the payments back to the landlord, ultimately setting those expenditures off against any rents due. This action, commenced in 1981, is for damages incurred beyond that setoff.

The judgment as originally settled in March 1988 mistakenly contained a $2.1 million item which had already been discharged. When brought to plaintiffs' attention, they immediately consented to a modified judgment, correcting and deleting that item. Defendant charged that the fraudulent inclusion of that item in the originally settled judgment was a result of conscious misrepresentation to the court, warranting, at the very least, a hearing to determine if the entire judgment was not likewise tainted by fraud. The court correctly advised defendant that his remedy lay in a plenary action for fraud. The underlying obligation was not disputed, a correction was immediately made, a plausible explanation was offered by plaintiffs (new counsel involved in the settlement of this complex judgment), and defendant suffered no loss by reason of the error.

The inclusion in the judgment of costs and expenses directly related to defendant's breach, which required plaintiffs to procure new financing and refinancing of the mortgage, was proper, as were the court's calculations with regard to statutory interest from the date of entry of the interlocutory judgment. There was no contractual basis for legal fees. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.